IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| BLANCA GOMEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| V. ) | CIVIL ACTION NO.: 1:22-cv-00036 |
| ) | |
| CITY OF LYFORD, et. al. ) | |
| ) | |
| Defendants ) | |

**PLAINTIFF-INTERVENOR YVONNE MICHELLE ZAMORAM, AS REPRESENTATIVE OF THE ESTATE OF JOHN RAY ZAMORA'S MOTION TO INTERVENE**

TO THE HONORABLE JUDGE OF SAID COURT:

### I.  INTRODUCTION

1. COMES NOW, YVONNE MICHELLE ZAMORA, As Representative of the Estate of John Ray Zamora, ("YVONNE MICHELLE ZAMORA") and respectfully moves pursuant to Federal Rule of Civil Procedure 24 to intervene as a plaintiff in this action. Intervention is warranted as an unconditional right because YVONNE MICHELLE ZAMORA's interest in this case cannot be fully represented by plaintiff, BLANCA GOMEZ, and this interest will be impaired if YVNONNE MICHELLE ZAMORA is not permitted to intervene, and because YVONNE MICHELLE ZAMORA is given an unconditional right to intervene by federal statute. *See,* Fed. R. Civ. P. 24(a)(1)-(2). In the alternative, YVONNA MICHELLE ZAMORA should be granted leave to intervene because: (1) YVONNE MICHELLE ZAMORA's claims against Defendants,

CITY OF LYFORD, et. al share with this action common questions of law and fact. *See,* Fed. R. Civ. P. 24 (b)(1)(B) and (2) is given a conditional right to intervene by federal statute. *See,* Fed. R. Civ. P. 24 (b)(1)(A).

2. Before filing of this Motion, counsel for YVONNE MICHELLE ZAMORA conferred with counsel for all parties. Counsel for Plaintiff, BLANCA GOMEZ and Counsel for Defendants, CITY OF LYFORD, et. al., have each respectively represented that they do not object to the requested intervention.

3. For the reasons discussed herein YVONNE MICHELLE ZAMORA respectfully requests that the Court grant this Motion to Intervene as Plaintiff in this matter.

## II. ARGUMENTS IN LAW IN SUPPORT OF YVONNE MICHELLE ZAMORA'S MOTION TO INTERVENE

4. YVONNE MICHELLE ZAMORA respectfully shows in support of her Motion to Intervene in this action filed by Plaintiff, BLANCA GOMEZ against Defendants, CITY OF LYFORD, et. al. YVONNE MICHELLE ZAMORA moves pursuant to Federal Rule of Civil Procedure 24 to intervene as of right, or alternatively, by permission to assert claims against Defendants under 42 U.S.C. §1983.

5. This case involves the wrongful death of John Ray Zamora, deceased. Movant, YVONNE MICHELLE ZAMORA is the biological mother of John Ray Zamora. As such, Movant has standing to pursue this action under Texas's wrongful-death statute. Tex. Civ. Prac. & Rem. Code §71.004.

6. Texas' wrongful-death statute provides, "a person is liable for damages arising from an injury that causes an individual's death if the injury was caused by the person's or agent's or servant's wrongful act, neglect, carelessness, unskillfulness, or default." Tex. Civ. Prac. & Rem. Code §71.002(b). Further, "an action to recover damages as provided by this subchapter is for the

exclusive benefit of the surviving spouse, children, and parents of the deceased." *Id.* §71.004(b). As such, Texas's wrongful death law provides the right for Movant, YVONNE MICHELLE ZAMORA to recover for her son's wrongful death and she can recover for injury to herself caused by her son's death. *Rhyne v. Henderson Cty.,* 973 F.2d 386, 391 (5th Cir. 1992).

7. Federal civil-rights laws extend federal-question jurisdiction by incorporating state wrongful-death statutes. *See, Rhyne.* 973 F.2d at 391; 42 U.S.C. §1988(a). Therefore, an individual may bring a claim under federal civil-rights laws through Texas' wrongful-death statute. *See, Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961) (holding that §1988 incorporated Georgia's wrongful-death statute, thereby conferring federal question jurisdiction over claims that officer's killed plaintiff's husband); *see also, Grandstaff v. City of Borger, Tex.,* 767 F.2d 161 (5th Cir. 1985) (holding that the Texas wrongful-death statute allowed a father to assert §1983 claims based on his son's wrongful death); *see also, Rhyne*, 973 F.2d at 388 (holding that a prisoner's mother was allowed to sue the county and its sheriff for failing to provide reasonable medical care in violation of §1983, and specifically, after noting mother's capacity to sue under Texas' wrongful-death statute, the Court concluded that their decision allowed recovery by the mother for her injury caused by the state's deprivation of her son's constitutionally secured liberty interests. *Id.* at 391.).

8. Under *Brazier, Grandstaff,* and *Rhyne*, it is clear that Movant, YVONNE MICHELLE ZAMORA has standing to recover for her own injuries arising out of the wrongful death of her son. Each hold that §1988 incorporates Texas' wrongful-death remedy into §1983 for her own injuries resulting from the deprivation of her son's constitutional rights.

9. Texas provides for survival actions: "a personal injury action survives to and in favor of the heirs, legal representatives, and estate of the injured person. The action survives against the liable persona and the person's legal representatives." Tex. Civ. Prac. & Rem. Code §71.021(b).

That is, "The Survival Statute provides that only a personal representative, administrator, or heir may sue on behalf of an estate." *Shepherd v. Ledford,* 962 S.W.2d 28, 31 (Tex. 1998).

10.     Federal Rule of Civil Procedure 24(a)(1) provides that, on a timely motion, the Court must permit anyone to intervene who is given an unconditional right to intervene by a federal statute. As previously mentioned herein, Movant, YVONNE MICHELLE ZAMORA has the unconditional right to intervene by federal statute, specifically, through 42 U.S.C. §1988 and 42 U.S.C. §1983.

11.     Federal Rule of Civil Procedure 24 is "broadly construed in favor of potential intervenors. who must be permitted to intervene if: the application was timely filed, the applicant possesses a substantial legal interest in the case, and the applicant's ability to protect its interest will be impaired without intervention. *Ohio State Conference of NAACP v. Husted,* 588 F. App'x 488, 490 (6th Cir. 2014); *Grutter v. Bollinger,* 188 F.3d 394, 397-98 (6th Cir. 1999).

12.     Movant, YVONNE MICHELLE ZAMORA's Motion to Intervene is timely filed. The timeliness of an application for intervention is evaluated in the context of all relevant circumstances, including: (1) the point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or would have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention. *Jansen v. City of Cincinnati,* 904 F.2d 336, 340 (6th Cir. 1990); *United States v. City of Detroit,* 712 F.3d 925, 930-31 (6th Cir. 2013).

13.     Here, the case is still at the earliest stages Notice of Removal to this Court took place on March 28, 2022 and an Order Setting Conference for an initial pre-trial conference was entered on March 31, 2022.

14.     Per the aforementioned Order Setting Conference entered on March 31, 2022, "Within <u>15 days</u> of receiving this order, counsel must file a list of all entities that are financially interested in this litigation." Accordingly, the Motion to Intervene has been filed with this Court prior to current counsel's deadline to list entities that are interested in this case and is therefore timely.

15.     At the time of filing of this motion no scheduling order has been entered.

16.     At the time of filing of this motion no factual or legal issues have been litigated.

17.     The parties will not be prejudiced by the requested intervention: At the time of filing of this motion counsel for the parties have been notified of the intent to seek intervention and have not objected to such intervention.

18.     The right to intervention has an expansive notion of the interest sufficient to invoke intervention of right. *Grutter,* 188 F.3d at 398. "Interest is to be construed liberally, and no specific legal or equitable interest is required. *Id.,* and even "close cases" should be resolved in favor of recognizing an interest under Federal Rule of Civil Procedure 24 (a). *Mich. State AFL-CIO v. Miller,* 103 F.3d 1240, 1247 (6th Cir. 1997).

19.     This litigation directly implicates YVONNE MICHELLE ZAMORA's interest in recovery for injury to another under §§1983 and §1985 because §1988 incorporates wrongful-death statutes.

### III. CONCLUSION

20.     For the reasons set forth herein, Movant, YVONNE MICHELLE ZAMORA as Representative of the Estate of John Ray Zamora, Deceased, respectfully requests the Court grant this Motion to Intervene.

Respectfully submitted,

**YOUNGS & ROSILLO LAW FIRM, P.L.L.C**
621 S. 10th Avenue
Edinburg, Texas 78539
Tel: (956) 420-9999

By:_____
　　　Yuri Rosillo Youngs
　　　Federal Bar No.: 3411417
　　　State Bar No.: 24113395
　　　Email: attorney@youngsrosillolaw.com
　　　Attorney for Yvonne Michelle Zamora

6

## **CERTIFICATE OF CONFERENCE**

I, Yuri Rosillo Youngs, certify that I conferred with and sought the consent of counsel for all parties on April 1, 2022, prior to filing of this Motion to Intervene. Counsel for Plaintiff, Blanca Gomez, and Counsel for Defendants, City of Lyford, et. al., have represented that they do not object to the filing of this Motion.

                                                                _____
                                                                 Yuri Rosillo Youngs
                                                                 Attorney for Yvonne Michelle Zamora

**CERTIFICATE OF SERVICE**

I, Yuri Rosillo Youngs, certify that I filed the foregoing Motion to Intervene and proposed order with the electronic case filing system established by the U.S. District Court for the Southern District of Texas Brownsville Division, and by filing these documents, provided notice of filing to all counsel of record listed below:

Israel Garcia Perez, III, ISRAEL PEREZ LAW, P.L.L.C., P.O. Box 260, Fate, Texas 75132; Email: israelperezlaw@gmail.com

D. Alan Erwin, Jr., ROERIG, OLIVEIRA & FISHER, L.L.P., 855 W. Price Rd., Ste. 9, Brownsville, Texas 78520; Email: aerwin@rofllp.com

Nancy Gonzalez, ROERIG, OLIVEIRA & FISHER, L.L.P., 855 W. Price Rd., Ste. 9, Brownsville, Texas 78520; Email: nanyg@rofllp.com

Vilma Noyola, ROERIG, OLIVEIRA & FISHER, L.L.P., 855 W. Price Rd., Ste. 9, Brownsville, Texas 78520; Email: vilman@rofllp.com

Veronica Duron, DENTON NAVARRO ROCHA BERNAL & ZECH, A Professional Corporation, 701 E. Harrison, Ste. 100, Harlingen, Texas 78550; Email: vduron@rampagelaw.com

Aaron Gonzalez DENTON NAVARRO ROCHA BERNAL & ZECH, A Professional Corporation, 701 E. Harrison, Ste. 100, Harlingen, Texas 78550; Email: amgonzales@rampagelaw.com

Ricardo Navarro, DENTON NAVARRO ROCHA BERNAL & ZECH, A Professional Corporation, 701 E. Harrison, Ste. 100, Harlingen, Texas 78550; Email: rjnavarro@rampagelaw.com

Kace M. Villafuerte DENTON NAVARRO ROCHA BERNAL & ZECH, A Professional Corporation, 701 E. Harrison, Ste. 100, Harlingen, Texas 78550; Email: kmvillafuerte@rampagelaw.com

/s/ Yuri Rosillo Youngs
Yuri Rosillo Youngs
Attorney for Yvonne Michelle Zamora