IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| BLANCA GOMEZ, As Next Friend of <br> NAXILEY RAE LYNN ZAMORA, <br> NAILEXY YVONNE-DOMITILA ZAMORA <br> NAILEA JACQUELINE ZAMORA, and <br> ARIANI NAOMI ZAMORA, Minors, <br> Individually and as Heirs of the Estate of <br> JOHN RAY ZAMORA, Deceased, <br> *Plaintiffs*, <br><br> VS. <br><br> CITY OF LYFORD, LYFORD POLICE <br> DEPARTMENT, WILLACY COUNTY, <br> WILLACY COUNTY SHERIFF'S <br> DEPARTMENT, JOE SALAZAR <br> *These Defendants*. | § § § § § § § § § § § § § § § | C.A. No. 1:22-CV-0036 |

## DEFENDANTS', THE CITY OF LYFORD AND THE LYFORD POLICE DEPARTMENT, MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

**D. ALAN ERWIN, JR.**
State Bar No. 06653020
Federal I.D. No. 20471
**ROERIG, OLIVEIRA & FISHER, LLP**
855 W. Price Road, Ste. 9
Brownsville, Texas 78520
TEL/ (956) 542-5666
ATTORNEYS FOR DEFENDANTS
THE CITY OF LYFORD
THE LYFORD POLICE DEPARTMENT

# **TABLE OF CONTENTS**

Page

TABLE OF CONTENTS............................................................................................ ii-iii

INDEX OF AUTHORITIES....................................................................................... iv-v

I.    PROCEDURAL BACKGROUND................................................................... 1

II.    SUMMARY OF ARGUMENTS ..................................................................... 2

III.    STANDARD OF REVIEW.............................................................................. 3

IV.    STATEMENT OF ISSUES ............................................................................. 4

V.    SUMMARY JUDGMENT STANDARD ..................................................... 3-4

VI.    FACTUAL ALLEGATIONS ....................................................................... 5-8

VII.    ARGUMENT AND AUTHORITIES.......................................................... 8-14

    I.    The City of Lyford and The Lyford Police Department are entitled to summary judgment based upon Plaintiffs' and Intervenors' failure to establish a violation of constitutional rights................. 8-10

    II.    The City of Lyford and The Lyford Police Department are entitled to summary judgment based upon Plaintiffs' and Intervenors' failure to establish that a policy, practice or custom of the Defendants caused constitutional deprivation.......................11-12

    III.    The Plaintiffs' and Intervenors' claims are barred by Qualified Immunity..................................................................12-14

# TABLE OF CONTENTS

Page

VIII.  CONCLUSION AND PRAYER……............................................................ 14

CERTIFICATE OF SERVICE…………................................................................ 15

# INDEX OF AUTHORITIES

**CASES**                    **PAGES**

*Anderson v. Liberty Lobby, Inc.*,
  447 U.S. 242, 248, 106 S. Ct. 2505, 2508 (1986)...................................... 3

*Ashcroft v. al-Kidd*,
  563 U.S. 731, 735, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011)…....…....... 13

*Bookman v. Shubzda*,
  945 F.Supp. 999, 1006 (N.D.Tex. 1999) ..……............................................ 10

*Celotex Corp v. Catrett*,
  477 U.S. 317, 327, 106 S. Ct. 2548, 2555 91 L.Ed.2d 265  (1986)........... 3, 4

*Fields v. City of South Houston*,
  922 F.2d 1183, 1187 (5th Cir. 1991)……..................................................... 3

*Graham v. Connor*,
  490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989) ....................................... 9

*Gutierrez v. Connor*,
  490 U.S. 386, 394, 109 S. Ct. 1865, 1871-72, 104 L.Ed.2d 443 (1989) ....... 9

*Hudson v. McMillan*,
  503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed.2d 156 (1992)..................... 10

*Johnson v. Morel*,
  876 F.2d 477, 480 (5th Cir. 1989) …………….............................................. 10

*Knight v. Caldwell*,
  970 F.2d 1430, 1432-33 (5th Cir. 1992)…..................................................... 10

*Lavespere v. Niagra Mach. & Tool Works*,
  910 F.2d 167, 178 (5th Cir. 1990).................................................................. 4

# INDEX OF AUTHORITIES

**CASES**                                                                                                    **PAGES**

*Lincoln v. Turner*
    874 F.3d 833, 847 (5th Cir. 2017) ….......................................................... 12, 13

*Little v. Liquid air Corp.*
    37 F.3d 1069, 1074 (5th Cir. 1994, *en banc*)…............................................... 3

*LTV Ed. Sys. Inc. v. Bell,*
    862 F.2d 11268, 1172 (5th Cir. 1989)……………………………….......... 4

*Monell v. Dept. of Social Services of City of New York*,
    436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978)…… 9, 11

*Mullenix v. Luna,*
    —— U.S. ——, 136 S. Ct. 305, 308, 193 L.Ed.2d 255 (2015)….…............ 12

## STATUTES, CODES, RULES & CHARTERS

42 U.S.C. § 1983 ……………………………………………… 2, 4, 5, 8, 11

U.S.C. ………………………………………………………………….. 1

U.S.C. am 4…………………………………………………………... 1, 9

U.S.C. am 14…………………………………………………………..… 1

Fed. R. Civ. P. 56………………………………………………………… 1

Fed. R. Civ. P. 56 (c)…………………………………………………..… 3

**TO THE HONORABLE JUDGE OF SAID COURT:**

COME NOW, Defendants, **THE CITY OF LYFORD** and **THE LYFORD POLICE DEPARTMENT**, and pursuant to Rule 56 of the Federal Rules of Civil Procedure files this, their Motion for Summary Judgment. In support thereof, Defendants respectfully shows the Court as follows:

## I.

## PROCEDURAL BACKGROUND

Plaintiffs' Original Complaint[1] initially alleged claims against Willacy County's Sheriff's Department (and certain officers), and The City of Lyford and The Lyford Police Department (and Officer Salvador Garcia), arising out of the investigation and arrest of suspect, John Ray Zamora. Plaintiffs and Intervenors alleged that The City of Lyford and The Lyford Police Department violated Mr. Zamora's constitutional Fourth and Fourteenth Amendments to the U.S. Constitution by unauthorized entry on private property, false arrest, deliberate indifference and using excessive force on him. Intervenors' First Amended Motion to Intervene[2] was granted by the court on September 7, 2022.[3] Plaintiffs and Intervenors settled their claims against Willacy County and Willacy County Sheriff's Department.[4]

---

[1] Plaintiffs' Original Complaint, Dkt No. 1-4.
[2] Intervenors Motion to Intervene, Dkt No. 9
[3] Order Granting Motion to Intervene, Dkt No. 23
[4] Joint Advisory to the Court Regarding Settlement, Dkt No. 48

1

## II.

## SUMMARY OF ARGUMENTS

Plaintiffs' and Intervenors' remaining claims against Defendants, The City of Lyford and The Lyford Police Department is for excessive force against John Ray Zamora under 42 U.S.C. § 1983, as a result of passing away sometime following his arrest while in the custody of Co-Defendants Willacy County and/or the Willacy County Sheriff's Department. Since neither Plaintiffs or Intervenors have evidence that Officer Salvador Garcia, The City of Lyford or The Lyford Police Department caused any injury to Mr. Zamora, Plaintiffs' and Intervenors' claims for excessive force against these Defendants should be dismissed.

## III.

## STANDARD OF REVIEW

The standard of review on summary judgment is whether there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law.[5]

---

[5] *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 261 (5th Cir. 1999).

## IV.

## STATEMENT OF THE ISSUES

1. Whether Plaintiffs and/or Intervenors have any evidence that the Defendants violated John Ray Zamora's constitutional rights.

2. Whether Plaintiffs and/or Intervenors have any evidence that a policy, practice or custom of the Defendants caused a constitutional deprivation.

## V.

## SUMMARY JUDGMENT STANDARD

Summary Judgment is "an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1074 (5th Cir. 1994, *en banc*, citing *Celotex Corp. v. Catreti*, 477 U.S. 317, 327, 106 S. Ct. 2548, 2555 91 L.Ed.2d 265 (1986). Summary judgment is appropriate when the pleadings and the evidence show there is no genuine issue of material fact, and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Fields v. City of South Houston*, 922 F.2d 1183, 1187 (5th Cir. 1991). The applicable substantive law identifies those facts that are material. *Fields*, 922 F.2d at 1187. And only disputes about those facts will preclude the granting of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248, 106 S. Ct. 2505, 91 L.Ed.2d 202 (1986). In determining that there is no material fact dispute, the court must be satisfied that no reasonable trier

of fact could have found for the nonmovant. *Lavespere v. Niagra Mach. & Tool works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990).

The movant has the burden of proving the absence of a genuine issue of material fact. *Id.*; *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To satisfy this burden, the movant may present evidence that negates material element of the nonmovant's claim. *Lavespere*, 910 F.2d brief in Support of Defendant's Motion for Summary Judgment at 178. Or, if the nonmovant has the burden of proof at trial, the movant may satisfy its burden by showing that there is an absence of evidence to support the nonmovant's case. *Id.*

Once the movant makes this showing the burden shifts to the nonmovant to show that summary judgment is not appropriate. *Id.* The nonmovant must go beyond the pleadings and present competent summary judgment evidence showing that there is a genuine issue for trial. *LTV Ed. Sys. Inc. v. Bell*, 862 F.2d 1168, 1172 (5th Cir. 1989).

As more fully developed below, summary judgment in favor of Defendants is appropriate because the summary judgment evidence establishes as a matter of law that no violation of 42 U.S.C. § 1983 occurred, as there is no evidence that The City of Lyford or The Lyford Police Department violated any clearly established rights of Plaintiffs and Intervenors and/or that a policy, practice or custom of The City of Lyford or The Lyford Police Department caused a Constitutional deprivation.

## VI.

## **FACTUAL ALLEGATIONS**

This case involves the apprehension of a suspect, John Ray Zamora, on February 11, 2022. Sometime following his arrest, Mr. Zamora passed away while in the custody of Co-Defendants Willacy County and/or the Willacy County Sheriff's Department. Both of these Defendants have settled with all Plaintiffs and Intervenors.

As a result of the incident, Plaintiffs and Intervenors are also suing the City of Lyford and the Lyford Police Department, under 42 U.S.C. Section 1983. See attached Plaintiffs' Original Complaint, Dkt No. 1-4 and Intervenors Motino to Intervene, Dkt No. 9.

On February 11, 2022, at approximately 11:39 AM, Officer Salvador Garcia was dispatched to 7342 Dario Street in reference to a possible disturbance in progress. Upon arrival, he observed a male subject, later identified as Mr. John Ray Zamora, standing at the doorway of the residence. Mr. Zamora began running frantically in Officer Garcia's direction. He then stopped right in front of Officer Garcia and advised him that someone was behind him. Officer Garcia did not observe any other individual behind him. He asked Mr. Zamora if he was the person calling 911, and Mr. Zamora confirmed he was the person that called 911.

Deputy M. Silva, A. Vargas, and J. Rivas with the Willacy County Sheriff's Office arrived on location to assist with the call. Officer Garcia advised Deputy M. Silva to stand by with Mr. Zamora so that he could check the status of anyone inside the residence. At the entrance of the residence, he was approached by Ms. Yvonne Zamora, who advised him that Mr. Zamora was her son. Ms. Zamora advised him Mr. Zamora had kept her up all night and was hanging out in the area of Raymondville the night before. Because of Mr. Zamora's behavior, Officer Garcia asked Ms. Zamora if Mr. Zamora was known to use drugs. Ms. Zamora advised him that Mr. Zamora was known to use cocaine.

After making contact with Deputy M. Silva who was standing by with Mr. Zamora, Deputy M. Silva advised Officer Garcia that Mr. Zamora admitted to ingesting drugs. He was also advised Mr. Zamora had a backpack inside the residence with the pills he ingested. Officer Garcia determined he did not have probable cause to retrieve the bag from inside the residence. He informed Ms. Zamora to take possession of the bag which was located inside the residence. He observed Ms. Zamora pick up a black backpack from the living room and place it into a bedroom located on the southwest corner of the residence. It was determined that no offense had been committed and Mr. Zamora was advised to return inside the residence. He advised Ms. Zamora to keep Mr. Zamora inside and contact authorities if anything else happened.

After clearing the scene, Officer Garcia was advised via radio that Willacy County Sheriff Deputies were out with a male subject who was resisting arrest on 7342 Dario Street. Upon arrival on location, he observed Deputies A. Vargas, M. Silva, and J. Rivas in the front yard of the residence of 7342 Dario Street on the ground attempting to detain Mr. Zamora. Mr. Zamora was refusing directives to place his hands behind his back and was resisting. He also observed a female, identified as Ms. Zamora, being irate and interfering with the deputies attempting to detain Mr. Zamora. Mr. Zamora refused multiple commands from officers to cooperate and continued to resist apprehension. Because the deputies were not able to obtain control of Mr. Zamora, Officer Garcia then assisted in his detention by pulling his hand out from under his body and guiding behind his back to be cuffed.

After several minutes, they were able to detain Mr. Zamora with restraints hands behind his back. Officer Garcia was informed by deputies that Mr. Zamora would be placed under arrest and taken into their custody. He was also informed Ms. Zamora was being placed under arrest as well. Mr. Zamora continued to resist and refused several commands to get into the unit for transport to the county jail. Ms. Zamora was placed in unit 1D2. Mr. Zamora continued to refuse to sit inside the unit for transport. Mr. Zamora was eventually placed in the back of unit 1D 4 and transported to the county jail by Deputy J. Rivas. Ms. Zamora was also transported to the county jail by Deputy A. Vargas.

Officer Garcia then made his way to the front of the residence and made contact with Mr. Roque Romo and Ms. Sylvia Fresquez who were inside the residence. Mr. Romo advised him the residence was his and Ms. Zamora was his girlfriend. He asked Mr. Romo for consent to retrieve a bag belonging to Mr. Zamora to retrieve and identify any possible narcotics located inside the bag. Mr. Romo gave him consent to retrieve the bag. He obtained the bag and inside the bag he was able to locate several items including what appeared to be drug paraphernalia. The drug paraphernalia was a rolled up dollar bill with what appeared to look like white powdery substance on it.

Officer Garcia collected the dollar bill as evidence and secured it in Lyford Patrol Unit 204. The evidence was later transported to the Lyford Police Department and placed in storage locker # 0128.

See Defendants' Exhibit "1", affidavit of Salvador Garcia, attached hereto.

## VII.

## ARGUMENT AND AUTHORITIES

## PLAINTIFFS' AND INTERVENORS' SECTION 1983 CLAIMS

I. **The City of Lyford and Lyford Police Department are entitled to summary judgment based upon Plaintiffs' and Intervenors' failure to establish a violation of constitutional rights.**

In this case, Plaintiffs and Intervenors only remaining claims are those asserted against the Defendants under 42 U.S.C. § 1983 for excessive force in

8

connection with Mr. Zamora's arrest. In order to establish liability under 42 U.S.C. § 1983, Plaintiffs and Intervenors must plead and prove that a policy, practice or custom of the Defendants caused a Constitutional deprivation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978).

To begin with, the Defendants assert that they are entitled to summary judgment based upon Plaintiffs' failure to establish that a Constitutional deprivation occurred in this case, as there is no evidence that Officer Garcia's use of force was objectively unreasonable. All claims that law enforcement officers have used excessive force, deadly or not, in the course of an arrest, investigatory stop, or other "seizure" of a free citizen should be analyzed under the Fourth Amendment and its' "reasonableness" standard. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871 (1989); *Gutierrez v. Connor*, 490 U.S. 386, 394, 109 S. Ct. 1865, 1871-72, 104 L.Ed.2d 443 (1989). With respect to the reasonableness of the force used, the Supreme Court further statement:

> "The 'reasonableness' of a particular use of force is judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . Not every push or shove even if it may later seem unnecessary in the peace of a judge's chambers violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments--in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation. As in other Fourth Amendment contexts, however, the 'reasonableness' inquiry in an excessive force case is an objective

9

> one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them *without regard to their underlying intention or motivation* . . . . An officer's evil intentions will not make a Fourth Amendment violation out of an objectively reasonable use of force; nor will an officer's good intentions make an objectively *unreasonable* use of force constitutional."

*Id.* (citation omitted; emphasis added).

The elements of a claim for excessive force are "(1) a more than *de minimus* injury; which (2) resulted directly and only from the use of force that was clearly excessive to the need; and the excessiveness of which was (3) objectively unreasonable." *Bookman v. Shubzda*, 945 F.Supp. 999, 1006 (N.D.Tex. 1999); *citing Hudson v. McMillan*, 503 U.S. 1, 9, 112 S. Ct. 995, 1000, 117 L.Ed.2d 156 (1992) (overruling "significant injury" requirement in Eight Amendment excessive force context); cf. *Johnson v. Morel*, 876 F.2d 477, 480 (5th Cir. 1989) (en banc) (per curiam) (establishing three-prong test for excessive force claims brought by arrestee, and requiring "significant injury"); see *Knight v. Caldwell*, 970 F.2d 1430, 1432-33 (5th Cir. 1992) (recognizing that *Hudson* overruled Fifth Circuit law requiring significant injury for excessive force claim), cert. denied, 507 U.S. 926, 113 S. Ct. 1298, 122 L.Ed.2d 688 (1993).

Clearly, Officer Garcia's actions were objectively reasonable in this case, and were not excessive. As such, Defendants are entitled to summary judgment as a matter of law on Plaintiffs' claims for excessive force.

10

**II.     The City of Lyford and Lyford Police Department are entitled to summary judgment based upon Plaintiffs' and Intervenors' failure to establish that a policy, practice or custom of the Defendants caused a constitutional deprivation.**

Furthermore, even if the Court finds a questions of fact as to whether a constitutional deprivation occurred (which Defendants deny), the Defendants are entitled to dismissal on each of Plaintiffs' and Intervenors' claims because they cannot prove that any deprivation of their Constitutional rights was caused by a policy, practice or custom of the Defendants. In order to establish liability against a municipality under 42 U.S.C. § 1983, Plaintiffs and Intervenors must plead and prove that a policy, practice or custom of the Defendants caused a constitutional deprivation. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S. Ct. 2018, 2037-38, 56 L.Ed.2d 611 (1978).

If a policy, custom or decision is involved, it must be shown that it was formulated as a result of a deliberate choice to follow a certain course of action from among various alternatives. There must also be a direct causal connection between the policy, custom or decision in question and the alleged constitutional deprivation. Also, Plaintiffs and Intervenors must show that the custom, policy or decision was not carried out through a single, isolated incident of misconduct by the officer, but was put into action by a municipal policy maker, and applied with some frequency by the officers.

To date, Plaintiffs and Intervenors have neither pled nor proven any facts to support an argument that a custom, policy, ordinance, regulation or decision of the Defendants proximately caused their damages. Therefore, these Defendants are entitled to dismissal of each of Plaintiffs' claims with prejudice.

### III. The Plaintiffs' and Intervenors' claims are barred by Qualified Immunity.

The doctrine of qualified immunity shields government officials from liability "so long as their conduct 'does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Lincoln v. Turner*, 874 F.3d 833, 847 (5th Cir. 2017) (quoting *Mullenix v. Luna*, — U.S. —-, 136 S. Ct. 305, 308, 193 L.Ed.2d 255 (2015)). Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably. The protection of qualified immunity applies regardless of whether the government official's error is "a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.

When a defendant invokes qualified immunity, the burden shifts to the plaintiff to demonstrate the defense does not apply. *Id.* A plaintiff seeking to defeat qualified immunity must show: "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the

12

challenged conduct." *Id.* at 847–48 (quoting Ashcroft v. al-Kidd, 563 U.S. 731, 735, 131 S. Ct. 2074, 179 L.Ed.2d 1149 (2011)). A "clearly established right," for purposes of determining whether a public official is entitled to qualified immunity, is one that is sufficiently clear that every reasonable official would have understood that what he is doing violates that right.

Qualified immunity inquiry turns on objective legal reasonableness of government official's action, assessed in light of legal rules that were clearly established at time it was taken. Principles of qualified immunity shield officer from personal liability when officer reasonably believes that his or her conduct complies with the law.

Qualified Immunity is a legal doctrine that shields certain government officials from suit, rather than simply being a defense to liability. As a police officer for the Lyford Police Department, Officer Salvador Garcia, was a government official at the time of the underlying incident and therefore protected by qualified immunity.

## VIII.

## CONCLUSION AND PRAYER

The summary judgment evidence establishes that neither Plaintiffs or Intervenors have any evidence that either The City of Lyford or The Lyford Police

Department violated their constitutional rights or that these Defendants had a policy, practice or custom which caused a constitutional deprivation.

WHEREFORE, PREMISES CONSIDERED, Defendants the City of Lyford and Lyford Police Department respectfully move the Court to grant and enter summary judgment in their favor, and enter an order the Plaintiffs and Intervenors take nothing by way of their lawsuits against these Defendants and for such other and further relief to which these Defendants are entitled.

Signed on this 7th day of December, 2023.

        Respectfully submitted,

        **ROERIG, OLIVEIRA & FISHER, L.L.P.**
        855 W. Price Road, Suite 9
        Brownsville, Texas 78520
        TEL/ (956) 542-5666
        FAX/ (956) 542-0016
        Email: aerwin@rofllp.com
        Email: nancyg@rofllp.com

        By:    */s/ D. Alan Erwin, Jr.*
                **D. ALAN ERWIN, JR.**
                State Bar No. 06653020
                Federal I.D. No. 20471
                ATTORNEY FOR DEFENDANTS
                THE CITY OF LYFORD AND
                THE LYFORD POLICE DEPARTMENT


## CERTIFICATE OF SERVICE

I hereby certify that on December 8, 2023, the attached Defendants The City of Lyford and The Lyford Police Department's Motion for Summary Judgment was electronically filed with the Clerk of the United States District Court for the Southern District of Texas Brownsville Division. The Court's ECF system sent notice of filing to all registered attorneys of record. In addition, a courtesy copy was served by email on the following:

*Attorneys for Plaintiffs:*
Israel Perez
**ISRAEL PEREZ LAW, PLLC**
P.O. Box 75132
Fate, Texas 75132
Email: Israel.Perez@IsraelPerezLaw.com

*Attorneys for Intervenors:*
Yuri Rosillo Youngs
Email: attorney@youngsrosillolaw.com
Christopher R.D. Youngs
Email: cyoungs@youongsrosillolaw.com
**YOUNGS & ROSILLO LAW FIRM, P.L.L.C.**
621 S. 10th Avenue
Edinburg, Texas 78539

                           */s/ D. Alan Erwin, Jr.*
                           **D. ALAN ERWIN, JR.**